UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-314-GWU

CONNIE BRYANT, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Connie Bryant brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the

ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional

impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Bryant, a 45-year-old former patient aide and teacher's aide with a high school equivalent education, suffered from impairments related to chronic lumbar strain and degenerative disc disease. (Tr. 13). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 14, 18). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 18-19). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by an inability to ever climb ladders, ropes, or scaffolds and an inability to more than occasionally climb ramps and stairs, stoop, bend, crouch or crawl. (Tr. 38). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Id.). The ALJ later added a sit/stand option every 30 minutes as a factor. (Tr. 42). Ellis testified that this additional restriction would reduce the aforementioned job base by 10 percent but would not eliminate all jobs. (Id.). The witness again cited specific examples of jobs which would remain available. (Id.). Therefore, assuming that the vocational factors considered by Ellis fairly depicted Bryant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

In September of 2006, Dr. Magdy El-Kalliny, a treating source, opined that Bryant could not return to her past work but retained the capacity to lift, push or pull 20 pounds. (Tr. 237). The ALJ's findings were consistent with this opinion. Dr. Timothy Gregg (Tr. 242-249) and Dr. Allen Dawson (Tr. 268-275), the non-examining medical reviewers, each opined that the plaintiff could perform medium

level work, restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds. The ALJ's findings were also compatible with these opinions. These reports provide substantial evidence to support the administrative decision.

In January of 2007, Dr. El-Kalliny completed a Functional Capacities Form identifying more severe physical restrictions than those cited the previous September. (Tr. 297). These limitations included an inability to sit, stand or walk for more than a total of two hours each, an inability to ever bend, and an inability to more than occasionally squat, crawl, climb or reach above shoulder level. (Id.). The doctor also indicated that Bryant would not be able to participate in substantial gainful activity. (Id.). The ALJ rejected this opinion as binding because the doctor's disability opinion was an issue reserved to the Commissioner under the federal regulations at 20 C.F.R. § 404.1527(e)(2). (Tr. 17). The ALJ also noted that Dr. El-Kalliny gave no reason for the abrupt change of opinion from that expressed in September, 2006. (Id.). The plaintiff asserts that the physician relied upon an October, 2006 Functional Capacity Evaluation performed by Ramona Caper of WorkWell Systems in formulating the new opinion as to her work restrictions. (Tr. 280-292). However, the court notes that Dr. El-Kalliny gave no indication that this evaluation was relied upon on the assessment form and also cited no new examination or clinical findings. (Tr 297). The doctor indicated in a March, 2007

treatment note that this was the first time the claimant had been seen since the previous September, 2006 and again made no mention of the WorkWell evaluation. (Tr. 251). Under these circumstances, the ALJ could reasonably reject the January, 2007 opinion of Dr. El-Kalliny in favor of the September, 2006 findings.

Bryant argues that the need for a sit/stand option precludes performance of light level work activity and mandates a finding of disabled status. The plaintiff cites Social Security Ruling 83-12 for this proposition. However, the ruling merely indicates that the testimony of a vocational expert is required to consider the issue. Since that occurred in this action, the court finds no error.

Bryant also argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Bryant was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Dr. El-Kalliny noted a full range of lumbar spine motion

in May of 2006. (Tr. 240). The plaintiff was said to be neurologically intact. (Id.). The physician noted no sign of radiculopathy in September, 2006. (Tr. 253). The claimant cited findings made by Caper at WorkWell but the examiner was not an "acceptable medical source" under the administrative regulations. 20 C.F.R. § 404.1513. Thus, her opinion was not binding on the ALJ. Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this decision.

This the 15th day of July, 2009.

**Signed By:**

***G. Wix Unthank*** GWU

**United States Senior Judge**